JESSICA R. PERRY (STATE BAR NO. 209321)
ANJALI PRASAD VADILLO (STATE BAR NO. 318440)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401
jperry@orrick.com
avadillo@orrick.com

Attorneys for Defendant
APPLE INC.

JESSICA THOMPSON, *pro hac vice*
STEPHANIE VERDOIA, *pro hac vice*
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone:   +1 206 268 9370
jessicat@hbsslaw.com
stephaniev@hbsslaw.com

CECILIA N. BRENNAN (STATE BAR NO. 243954)
HKM EMPLOYMENT ATTORNEYS LLP
401 West A Street, Suite 200 (#77)
San Diego, CA  92101
Telephone:   +1 619 717 6410
cbrennan@hkm.com

Attorneys for Plaintiff
DONALD K. SHRUHAN, JR. an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD K. SHRUHAN, JR. an individual,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:22-cv-5498-EJD<br><br>**JOINT DISCOVERY DISPUTE LETTER CONCERNING PLAINTIFF'S DEPOSITION NOTICES OF KATE ADAMS AND BJ WATROUS, AND APPLE INC.'S REQUEST FOR A PROTECTIVE ORDER** |

Defendant Apple Inc. and Plaintiff submit this joint letter regarding discovery disputes about Plaintiff's deposition notices of Kate Adams, General Counsel of Apple, and BJ Watrous, Corporate Attorney, Vice President of Apple, and Apple's request for a protective order.

### Apple's Statement Regarding the Nature and Status of the Dispute[1]

Plaintiff unilaterally served deposition notices of Kate Adams and BJ Watrous on September 9, 2024, without first conferring on the dates in violation of L.R. 30-1.[2] Apple timely objected to the notices on September 19, on several grounds, including because both Ms. Adams and Mr. Watrous are irrelevant apex employees and there are less intrusive ways to take the discovery sought. The parties conferred via telephone on September 18 about Apple's forthcoming objections. Apple requested that Plaintiff withdraw the deposition notices, and seek a less intrusive discovery method as required by law. Plaintiff refused, forcing Apple to seek a protective order.

"When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), the court may exercise its discretion under the federal rules to limit discovery [due to] the tremendous potential for abuse or harassment." *Somers v. Digital Realty Tr. Inc*, 2016 WL 7157505, at *1 (N.D. Cal. Dec. 8, 2016). Courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue, **and** (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods. *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011). Failure to satisfy either warrants a protective order.

Plaintiff does not dispute that Ms. Adams and Mr. Watrous are apex witnesses. Ms. Adams is Apple's General Counsel and a Section 16 Officer, and Mr. Watrous is the Corporate Attorney, Vice President, who reports directly to Ms. Adams. Mr. Watrous leads Apple's global security, commercial, corporate, and compliance legal departments. Courts routinely find that general

---

[1] Plaintiff intentionally violates Magistrate Cousins' Standing Order, which states the joint statement must be five pages or less and prohibits the parties from attaching declarations, exhibits, etc. without leave of Court, which Plaintiff does not have and cannot properly seek at the same time as violating the Order. The Court should disregard Plaintiff's portion beyond 2.5 pages as well as Plaintiff's various attachments, which improperly include Apple's privileged and highly confidential material that Apple is simultaneously moving to seal.

[2] Plaintiff's claim that he diligently sought these depositions and Apple improperly delayed or ignored them is false. His counsel sent two emails and knew that Apple was objecting to the testimony of Ms. Adams and Mr. Watrous. Nevertheless, and while Apple was providing dates for other relevant witnesses, Plaintiff unilaterally noticed these two irrelevant witnesses.

1  counsels and vice presidents are apex witnesses. *See Mehmet v. PayPal, Inc.*, 2009 WL 921637, at
2  *2 (N.D. Cal. Apr. 3, 2009) (Vice President of Legal Services and General Counsel is "apex
3  deponent[]"); *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *1-*5 (N.D. Cal. Feb. 2, 2012)
4  (four senior vice presidents are apex witnesses).

5  Plaintiff cannot establish either prong of the apex test. **First**, neither Ms. Adams nor Mr.
6  Watrous has any unique, non-repetitive first-hand knowledge of relevant facts. Ms. Adams' only
7  connection to this case is a meeting with Plaintiff after the fact about him not receiving RSUs in
8  2019 (a decision on which Ms. Adams, contrary to Plaintiff's speculative declaration and Ex. 6[3],
9  did not "weigh-in"). Plaintiff already testified about this meeting, and any testimony from Ms.
10 Adams is repetitive. According to Plaintiff's sworn testimony, she listened to him and asked him
11 to work with Employee Relations. Further, Plaintiff has deposed Tom Moyer, his direct manager
12 who has actual knowledge of the 2019 RSU issue, and who confirmed Ms. Adams does not have
13 any unique first-hand knowledge. *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2014 WL
14 1340674, at *2 (N.D. Cal. Apr. 3, 2014) (issuing protective order when plaintiffs already obtained
15 testimony on topics they later sought from apex witness). Ms. Adams did not work with Plaintiff
16 directly,[4] evaluate his job performance, or supervise his work, none of which is otherwise relevant
17 because Plaintiff's job performance is not at issue. The sole issue is whether Apple's decision to
18 not award Plaintiff RSUs in 2019 was because of his stated intent to retire.[5]

19 As for Mr. Watrous, he is not identified in the Complaint, nor did Plaintiff mention his name
20 once during his deposition in which he was questioned in detail about his claims. Plaintiff contends
21 Mr. Watrous was "actively working to retain [Plaintiff] at the time Apple awarded him zero RSUs,"
22 but that is not supported by Plaintiff's declaration (¶¶20-22) and is false. Plaintiff also contends

---

[3] Exhibit 6 shows that Ms. Adams responded to Mr. Moyer's comment that awarding Plaintiff zero RSU's "results in an extra $1M of units that I'd like to roll back into the LGS budget." She did not comment on the decision to award no RSUs to Plaintiff.
[4] Plaintiff's August 22, 2024 deposition testimony at 103:7-10: "Q: And did you work directly with [Ms. Adams]? A: Worked with her. I wouldn't say directly[.]"; at 292:15-17: "Q: And had you previously [before the 2019 RSU discussion] had a meeting one on one with Ms. Adams? A: Not one on one, no."
[5] Plaintiff's August 22, 2024 deposition testimony at 176:9-12: "Q: And what did Tim Moyer tell you was the reason you were not getting RSUs in 2019? A: He said because he thought I was retiring, and that RSUs were for retention."

Mr. Watrous is a relevant witness about the "terms" of his transition to a U.S. IP Enforcement role in 2019. But Mr. Watrous was simply copied on a few emails, and any alleged knowledge is repetitive of Jeff Myers and Scott Gelin's testimony, the managers directly involved the transition.[6] *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *2 (N.D. Cal. Jan. 25, 2007) (granting protective order because testimony of lower level employees with more intimate knowledge had not yet been taken, and apex testimony would be repetitive). Further, Mr. Myers and Mr. Gelin's testimony made clear that Mr. Watrous was not involved in any relevant decisions and thus, he is irrelevant.

*Second*, Plaintiff has not first exhausted less intrusive discovery as required. *See Affinity Labs of Texas*, 2011 WL 1753982, at *15. Plaintiff has issued no interrogatories on these topics.[7] And while Plaintiff deposed Mr. Moyer, Mr. Gelin, Mr. Myers and Ms. Holmes, Plaintiff has made no showing that these less intrusive depositions are insufficient (and they were not).

Apple respectfully requests that the Court grant its request for a protective order.

**Plaintiff's position:[8] Ms. Adams and Mr. Watrous were directly involved in the decision-making at issue here. They are not too busy to avoid testifying.**

Apple first claims: "Plaintiff unilaterally served deposition notices . . . without first conferring on the dates with Apple's counsel in violation of Local Rule 30-1." Plaintiff has been seeking availability for Ms. Adams and Mr. Watrous since July 9, 2024. Apple did not respond. Plaintiff requested dates again on August 19. By Friday August 30, Apple had not provided any of the requested dates, but it made two claims on a phone call: (1) it would object to Kate Adams's deposition for "lack of relevance," and (2) it would provide dates for other witnesses within the

---

[6] As to Plaintiff's contention that Mr. Watrous was involved in a contract claim at issue related to the end of Plaintiff's ex pat agreement to work in Asia, the Court has already dismissed that basis of the contract claim and thus it is irrelevant.

[7] Plaintiff claims he sought documents in the deposition notice to Ms. Adams. This is not less intrusive because it still seeks Ms. Adams' deposition and improperly seeks Apple documents from an individual witness who does not have possession of them. Plaintiff also falsely claims Apple will not provide a 30(b)(6) witness on Topic 12 – Plaintiff is well aware Tom Moyer is the designated 30(b)(6) on this topic.

[8] Plaintiff respectfully requests an extension to the page limits set by this Court to preserve the double-spacing while fully addressing the meet-and-confer history, alternative discovery requested, and the relevance of each of the two witnesses here.

- 3 - JOINT DISCOVERY DISPUTE LETTER RE DEPOSITION NOTICES [5:22-CV-5498-EJD]

1    week. *Id.* Ex. 3. By the following Friday September 6, Apple had made no proposal.

2        Plaintiff served notices on September 9, 2024 for the depositions of the witnesses requested
3    two months earlier. Plaintiff also served document requests along with these notices. The parties
4    met again on September 19, 2024. Apple mentioned for the first time that it would be objecting to
5    the deposition of BJ Watrous for "lack of relevance." *Id.*

6        **A. <u>Kate Adams has unique first-hand knowledge of her own motives</u>.**

7        Apple next claims that the apex doctrine applies to limit discovery here. It does not. "A
8    party seeking to prevent a deposition carries a heavy burden to show why discovery should not be
9    denied, however, courts are sometimes willing to protect high level corporate officers from
10   depositions when the officer has no first hand knowledge of the facts of the case or where the
11   officer's testimony would be repetitive." *In re Chase Bank USA, N.A. Check Loan Contract*
12   *Lit.,* No. 09–md–02032 MMC (JSC), 2011 WL 5248158, at *1 (N.D.Cal. Nov. 3, 2011) (citations
13   and internal quotation marks omitted). That a witness has a busy schedule simply is not a basis for
14   foreclosing discovery. *Medimmune, LLC v. PDL Biopharma, Inc.,* No. 08–cv–05590 JF (HRL),
15   2010 WL 2640473, at *1 (N.D. Cal. June 30, 2010).

16       Plaintiff was a high-level, high-performing Apple employee who worked closely at times
17   with Ms. Adams (as he can describe by declaration upon leave of Court to submit one). This case
18   is about Apple's discriminatory withholding of stock compensation ("RSUs") to Plaintiff in
19   September 2019 for unlawful age-based reasons. Kate Adams personally weighed-in on that
20   decision, as document discovery and deposition testimony reflect. She then twice declined to aid
21   Plaintiff's efforts to make things right, despite promising him that she would do so. Failure to
22   prevent discrimination is a separate claim brought here under California law. Ms. Adams' decision
23   to ratify discrimination and her reasoning for doing so is central to these claims.

24       There is no substitute for hearing directly from Ms. Adams why she approved the zero-RSU
25   decision. Plaintiff cannot cross examine a document, another witness, or an interrogatory response
26   regarding Ms. Adams' motives. Only she knows what she was thinking. And only a cross
27   examination of her can test her credibility on her motives. Nevertheless, Plaintiff has attempted
28   multiple times to get this information using other discovery tools, including:

- 4 -     JOINT DISCOVERY DISPUTE LETTER RE
    DEPOSITION NOTICES [5:22-CV-5498-EJD]

- 30(b)(6) Topic 2 (Apple's actions to investigate and remediate its adverse employment actions), for which Apple has outright declined to produce any witness.

- Requests for Production 4-7 appended to Ms. Adams' deposition notice seeking documents related to Plaintiff's RSU grant and the timing/desire for Plaintiff's retirement, for which Apple has declined to produce documents or seek a protective order.

### B. Kate Adams has unique first-hand knowledge of the importance of Plaintiff's exemplary performance.

Ms. Adams also has unique first-hand knowledge of the importance of Plaintiff's ob performance to Apple, particularly in October 2019, which is relevant at least two of Apple's defenses. *First*, Apple claims that in September 2020 it compensated Plaintiff beyond its compensation guidelines out of "goodwill," making up for its discriminatory failure to pay him the year before. But it was at least in part Plaintiff's October 2019 outstanding performance—not goodwill—that formed the basis for his 2020 stock compensation. *Second*, Apple intends to argue that Plaintiff took on an increasingly diminishing role at Apple after it awarded him zero RSUs in September 2019. Ms. Adams can testify to the contrary. Plaintiff's performance that year demonstrates that he remained critical to Apple's financial success, as recognized by executives at the highest level.

[text redacted]

The jury is entitled to learn about how Plaintiff's performance saved Apple from massive

1  financial impact at the same time it hears that from Apple that it compensated him merely out of
2  "goodwill" and that his role and contributions were diminishing. The jury will use this evidence
3  weigh, among other things, the veracity of Apple's defenses.

4  And ▆▆▆ is merely one example. The importance of the General Counsel's views on Plaintiff's exemplary performance are critical, especially where Apple itself has put them at issue. Ms. Adams is the best witness—other than CEO Tim Cook—to testify about the impact on Plaintiff's performance to the entire corporation. It is precisely her position in the hierarchy that makes her testimony so powerful. How many of us can say we served our employer so well that we deserve company-wide recognition from a C-Suite executive? Apple should not be able to claim that Plaintiff was taking a backseat or that he was compensated out of goodwill and at the same time withhold powerful testimony that allows him to rebut that claim. Here again, Apple has rebuffed several of Plaintiff's discovery requests on this issue:

- Request for Production No. 5 seeking documents evaluating Plaintiff's performance, for which Apple has declined to produce documents in Ms. Adams' custody or seek a protective order;

- Document requests 1-3 appended to Ms. Adams' deposition notice seeking documents related to Plaintiff's performance and his role in the ▆▆▆ matter, for which Apple has declined to produce documents or seek a protective order;

- 30(b)(6) Topic 13 (Plaintiff's role in the ▆▆▆ removal) for which Apple has declined to produce any witness.

**C. BJ Watrous is a central witness in this ligation.**

Apple waited until September 19, 2024 to mention anything about objecting to Mr. Watrous's deposition—2.5 months after Plaintiff asked for his availability. In any case, his testimony is directly relevant to Plaintiff's discrimination and contract claims.

RSUs at Apple are awarded in part based on Apple's desire to retain certain employees. Mr. Watrous was a high-level executive who was actively working to retain Mr. Shruhan at the time Apple awarded him zero RSUs. That speaks volumes of Apple's desire to retain him, as well as the likelihood of his retention—which Apple has placed directly at issue in this case as the reason that Mr. Moyer failed to award him RSUs. Plaintiff is entitled to the discovery of evidence showing that Apple's proffered justification is unworthy of credence or otherwise not believable. *Godwin v. Hunt*

*Wesson, Inc.*, 150 F.3d 1217, 1220–22 (9th Cir.1998).

Mr. Watrous will also testify about Plaintiff's contract claims, specifically the terms for Plaintiff's transition back to the United States—terms that were approved by him and by Apple. Mr. Watrous had the authority to approve and did approve these terms. Plaintiff has sought substantial alternative discovery, including:

- 30(b)(6) Topic 15 (Apple's claims that Plaintiff announced his retirement), for which Apple has outright declined to provide any witness.

- Request for Production 11 (Plaintiff's repatriation Agreement, for which Apple claims ignorance despite its clear definition in the Complaint),

- Request for Production 5, 6, and 13, for which Apple has agreed (but so far failed) to produce documents in the custody of Mr. Watrous.

- Request for Production No. 3 appended to Mr. Watrous's deposition notice seeking documents in his custody related to a desire to retain Plaintiff, for which Apple has declined to produce documents.

Apple's protective order should be denied. Apple should be ordered to produce Mr. Watrous and Ms. Adams their depositions and produce the requested documents appended to those notices.

Dated: December 16, 2024              ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Annie Vadillo*
    ANJALI PRASAD VADILLO

Attorneys for Moving Party, Defendant
APPLE INC.

Dated: December 16, 2024              HAGENS BERMAN SOBOL SHAPIRO LLP


By:  */s/ Jessica Thompson*
     JESSICA THOMPSON

Attorneys for Plaintiff
DONALD K. SHRUHAN, JR.

**LOCAL RULE 5.3(h)(3) ATTESTATION**

I attest that each of the other Signatories have concurred in the filing of the document.

  */s/ Annie Vadillo*
ANJALI PRASAD VADILLO
Attorneys for Defendant